**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIM. NO. SAG-26-229** |
| **TYRELL ANTONIO BREWER,** | * | |
| | * | |
| **Defendant** | * | |

**...oOo...**

**MEMORANDUM IN SUPPORT OF THE**
**DEFENDANT'S CONTINUED DETENTION PENDING TRIAL**

The United States of America, by and through its attorneys, Kelly O. Hayes, United States Attorney for the District of Maryland, and Kevin Reinoso, Special Assistant United States Attorney, for said District, submits this Memorandum in Support of the Defendant's Continued Detention Pending Trial.

## I. PROCEDURAL HISTORY

On July 8, 2026, the Defendant, Tyrell Antonio Brewer, was charged in an indictment with a sole count of possession of a firearm and ammunition by a prohibited person, in violation of § 18 U.S.C. 922(g)(1). ECF No. 1. The Defendant had his initial appearance on July 15, 2026. ECF No. 10. At the initial appearance, the Defendant consented to his temporary detention pending trial and Her Honor Judge Crawford issued an order to that effect. ECF No. 13. The Defendant has requested a detention hearing.

As a threshold matter, the Defendant is currently incarcerated at the Chesapeake Detention Facility in primary state custody on a state violation of probation. A release in this matter would not allow the Defendant to be released from custody.

Additionally, discussed *infra*, Section III(A), officers knew the Defendant had an active warrant for his arrest, arrested the Defendant, and was found to be in possession of a firearm. The

Government believes there is no condition or combination of conditions that would ensure the safety of the community if the Defendant were to be released and asks this Court to enter an order of detention pending trial.

## II. THE DEFENDANT IS IN PRIMARY STATE CUSTODY

The Defendant is currently in primary state custody, and if released in this case would remain in state custody. On January 3, 2026, an arrest warrant was issued for the Defendant's arrest due to state charges that alleged the Defendant committed a felony assault. On January 6, 2026, as discussed *infra*, Section III(A), the Defendant was arrested on that warrant. During the execution of that warrant, the Defendant was found to be in illegal possession of a handgun. State charges were filed for that offense, and an accompanying warrant was issued. The Defendant was served with that warrant. The Defendant's alleged conduct on January 3 and January 6 amounted to an alleged violation of the Defendant's state probation. As such, on January 9, 2026, a warrant alleging a violation of the Defendant's probation was issued and served on the Defendant. The Defendant was held without bond in all three cases. On July 8, 2026, the Defendant was federally indicted for the January 6 conduct. On July 16, 2026, the state dismissed the Defendant's active state cases but did not dismiss the alleged violation of probation. The violation of probation hearing is currently scheduled for August 19, 2026. The Defendant's probation agent intends to "submit[] an addendum to the [state c]ourt to advise of the Defendant's new federal charge[]." Pre-Trial Services Report, Pg. 5. As such, the Defendant is in primary state custody on a violation of probation that includes this case and would not be released if ordered to be released in this case.

## III. LEGAL STANDARD

Notwithstanding that the Defendant is in primary state custody and would not be released from custody if ordered to be released in this case, the 18 U.S.C. § 3142 factors support his

continued detention pending trial. In determining whether release is appropriate, a court must consider factors in determining whether a defendant poses a danger to the community, which include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance [or] firearm;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

*Id.* In this case, an examination of the § 3142 factors demonstrates that the Defendant should be detained pending trial.

**A. The Nature and Circumstances of the Offense and the Weight of the Evidence.**

On January 6, 2026, detectives of the Baltimore Police Department monitored CitiWatch cameras and observed the Defendant exit 2433 E. Federal Street. The Defendant began walking down the street. The detectives knew the Defendant had an active warrant. The detectives requested the assistance of other officers to arrest the Defendant. Those officers approached the Defendant and attempted to place him in handcuffs. While doing so, an officer felt a handgun in the Defendant's waistband. The handgun was recovered and the Defendant was arrested. While being arrested, the Defendant voluntarily stated he was going to pick up his daughter at school. The handgun was an FNS-9C 9MM Luger handgun, bearing serial number CSU0021795, and approximately eighteen (18) rounds of 9MM caliber ammunition. The nature and circumstances of this offense involve a firearm with an extended magazine and the Defendant was on his way to a school. Additionally, the evidence in the case is strong, as the handgun was pulled out of the Defendant's waistband. Both the nature and circumstances of the offense and the weight of the evidence support the Defendant's continued detention.

**B. History and Characteristics of the Person**

The Defendant's criminal history began in 2003 at the age of 14, with convictions for attempted armed robbery and attempted third degree sex offense. *See* Pre-Trial Services Report Pg. 3. Following the completion of a five-year sentence, the Defendant was released in 2007. *Id.* In 2009, the Defendant was charged with failure to register as a sex offender. *Id.* at Pg. 5. In 2011, the Defendant pled guilty to that offense, which resulted in a one-month sentence. *Id.* Later that same year, the Defendant was sentenced to eight years of incarceration for violating his probation in the attempted armed robbery case. *Id.* at Pg. 3. In 2019, the Defendant was then convicted of failure to register as a sex offender and being a felon in possession of a regulated firearm. *Id.* at Pg. 5. The Defendant was placed on probation for the latter offense. *Id.* In September of 2021, a warrant was issued for the Defendant's arrest for failure to register as a sex offender, which resulted in a warrant being issued for the Defendant's arrest for violating his probation. *Id.* at Pgs. 5–6. Those warrants remained unserved for approximately three years. *See id.* In 2025, the Defendant pled guilty to the charge of failure to register as a sex offender, which resulted in the Defendant being found in violation of his probation. *Id.* at Pg. 5. The Defendant's probation was extended for three years due to being found in violation of his probation. *Id.* The Defendant has violated both probations he was on, specifically the probation he is currently on. *See id.* at Pgs. 3 and 5. Moreover, the Defendant has been convicted of failure to register as a sex offender three times, *see id.*, indicating he cannot abide by court orders. Given the Defendant's serious and consistent criminal history and poor supervision history, his release pending trial would be a serious danger to the community and this factor supports continued detention pending trial.

### C. The Nature and Seriousness of the Danger to the Community in the Event of the Defendant's Release

There is a real danger to the community in the event of the Defendant's release pending trial. The Defendant had a handgun in his waistband with an extended magazine. Such conduct demonstrates a clear threat to the safety of the community if the Defendant were to be released pending trial.

## IV. CONCLUSION

For the reasons set forth above, the Government respectfully submits that no condition or combination of conditions will protect the community and requests that the Defendant be detained pending trial.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By: /s/
Kevin Reinoso
Special Assistant United States Attorney
United States Attorney's Office
36th South Charles Street, 4th Floor
Baltimore, Maryland 21202
(410) 209-4800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 29, 2026, a copy of the foregoing Memorandum was filed via ECF.

_______________/s/________________
Kevin Reinoso
Special Assistant United States Attorney